MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael Reyna, | ) | No. CV 10-430-PHX-DGC (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Herb Haley, et al., | ) | |
| Defendants. | ) | |

On February 25, 2010, Plaintiff Michael Reyna, who is confined in the Arizona State Prison Complex-Lewis (ASPC-Lewis) in Buckeye, Arizona, filed a *pro se* civil rights Complaint and an Application to Proceed *In Forma Pauperis*. In a April 1, 2010 Order, the Court granted the Application and dismissed the Complaint for lack of subject matter jurisdiction. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On April 22, 2010, Plaintiff filed his First Amended Complaint (Doc. #7). The Court will order Defendants Haley, Tucker, and Zaborsky to answer the First Amended Complaint and will dismiss Defendant Carillo and Davenport without prejudice.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II. First Amended Complaint

In his one-count First Amended Complaint, Plaintiff sues the following Defendants: Protective Segregation Administrator Herb Haley, Deputy Wardens Carillo and Alex Davenport, and Correctional Officers IV Tucker and Zaborsky. Plaintiff alleges that Defendants violated his Eighth and Fourteenth Amendment rights. He contends that he requested protective segregation placement after he arrived at the Rynning Unit at ASPC-Lewis and two inmates told him that they would kill him for snitching if he did not leave the unit immediately. Plaintiff contends that Defendants Tucker and Zaborsky were deliberately indifferent to the threat to Plaintiff's safety because they were responsible for coordinating

1 and tracking inmates' requests for protective segregation placement and were required to interview the inmate and begin preliminary processing of the inmate's request, but they did not interview Plaintiff, conducted no investigation, and recommended that Plaintiff's protective segregation request be denied and that Plaintiff be returned to the general population unit. Plaintiff claims Defendants Davenport, Carillo, and Haley accepted Defendants Tucker and Zaborsky's recommendation and denied his request for protective segregation placement. Plaintiff also contends that Defendants Tucker and Zaborsky did not give him notice of the decision and did not advise him that he could appeal the decision. Plaintiff states that he was returned to the general population unit and, within a few hours, was viciously and brutally attacked and had to be rushed to the hospital.

Plaintiff also asserts that Defendant Haley "deliberately refused to enforce the [Arizona Department of Corrections' protective segregation] policies with the intention to prevent and deny otherwise qualified inmates to enter [protective segregation] for the sake of minimizing the current [protective segregation] population" and avoiding the need to transfer protective segregation inmates to a larger facility.

Plaintiff seeks declaratory relief and monetary damages.

### III. Failure to State a Claim

To state an Eighth Amendment failure-to-protect claim, an inmate must show that prison officials acted with deliberate indifference. To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837 (emphasis added).

1     "Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. <u>Farmer</u>, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." <u>Clement v. California Dep't of Corrections</u>, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); <u>see</u> <u>also</u> <u>Broughton v. Cutter Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976).

    Plaintiff's allegations against Defendants Carillo and Davenport suggest, at best, that these Defendants were negligent in accepting Defendants Tucker and Zaborsky's recommendation. His allegations do not support a claim that Defendants Carillo and Davenport were deliberately indifferent. Thus, the Court will dismiss without prejudice Defendants Carillo and Davenport.

## IV.   Claims for Which an Answer Will be Required

    Liberally construed, Plaintiff has stated Eighth Amendment deliberate-indifference claims against Defendants Tucker, Zaborsky, and Haley. The Court will require these Defendants to answer the First Amended Complaint.

## V.   Warnings

### A.   Release

    Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B.   Address Changes

    Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other

relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.  Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.  Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Defendants Carilloand Davenport are **dismissed** without prejudice.

(2)  Defendants Tucker, Zaborsky, and Haley must answer the First Amended Complaint.

(3)  The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. #7), this Order, and both summons and request for waiver forms for Defendants Tucker, Zaborsky, and Haley.

(4)  Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 4th day of May, 2010.

_____
David G. Campbell
United States District Judge